**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **SURVIVOR A,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. BAH-24-1571** |
| **ANNE ARUNDEL COUNTY BOARD OF EDUCATION, *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |

# MEMORANDUM ORDER

On May 31, 2024, Plaintiff Survivor A filed suit against Defendants Anne Arundel County Board of Education (School Board), Carson C. Arnold, Bridgitte Hammaker, and Patrick Gelinas asserting claims related to alleged sexual abuse by Jennifer Arnold, then-wife of Mr. Arnold and Plaintiff's then-teacher. ECF Nos. 1, 16. On June 16, 2026, the Honorable Brendan A. Hurson referred this case to the undersigned for all discovery and related scheduling matters pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302 (D. Md. Dec. 1, 2025). ECF No. 86. Pending before the Court are several discovery disputes, each of which is addressed in turn below. ECF Nos. 97–100.

First, the parties "dispute the scope of deposition questions of [the] School Board's employees" (ECF No. 97 at 1[1]) and whether the School Board's counsel properly instructed a witness not to answer deposition questions (ECF Nos. 98 at 3; 99-1 at 204:3–4). Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed.

[1] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files (CM/ECF) system printed at the top of the cited document, except that page numbers of exhibits that are deposition transcripts refer to the page and line number of the deposition transcript.

R. Civ. P. 26(b)(1). The broad sweep of discovery under the federal rules is cabined only by relevance and proportionality. *Virginia Dep't of Corr.* v. *Jordan*, 921 F.3d 180, 188 (4th Cir. 2019); *Victor Stanley, Inc.* v. *Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010) (Grimm, J.) ("[A]ll permissible discovery must be measured against the yardstick of proportionality."), *aff'd in part, modified in part*, Civil Action No. MJG-06-2662, 2010 WL 11747756 (D. Md. Nov. 1, 2010). "Relevance is not, on its own, a high bar." *Virginia Dep't of Corr.*, 921 F.3d at 188. Instead, in the context of discovery, relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to [any] other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc.* v. *Sanders*, 437 U.S. 340, 351 (1978). For this reason, "a deponent may be questioned about any matter which is relevant to the litigation, which is not privileged, and the fact that the information sought may not ultimately be admissible does not mean that it is not discoverable." *Boyd* v. *University of Maryland Med. Sys.*, 173 F.R.D. 143, 147 (D. Md. 1997) (Grimm, J.).

Survivor A contends that counsel for the School Board improperly instructed a witness "not to answer a basic question" and tendered an excerpt of the deposition transcript in support of his claim. ECF Nos. 99 at 1; 99-1. The transcript excerpt reveals an unnecessarily contentious exchange between counsel, both in and outside the presence of the witness. ECF No. 99-1. Federal Rule of Civil Procedure 30(c)(2) provides that "[a]n objection at the time of the examination . . . must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). This rule further provides that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *Id.* Subsection (d)(3) in turn provides, in pertinent part, that a deposition may be terminated "on the ground that it is being conducted in bad faith or in a manner that

unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3). This Court's Discovery Guidelines provide that "[i]t is presumptively improper to instruct a witness not to answer a question during the taking of a deposition unless under the circumstances permitted by Fed. R. Civ. P. 30(c)(2)." Local Rules, Appx. A, Guideline 6 ¶ b.

Here, the deposition transcript reflects that the School Board's counsel objected to Plaintiff's counsel's proposed line of questioning regarding text messages between Survivor A and Ms. Arnold and repeatedly instructed the witness not to respond. ECF No. 99-1 185:16–186:17. When there is an objection to a deposition question, "counsel are expected to rise above their roles as advocates for a particular party, and, acting as officers of the court, resolve their differences on the spot without outside intervention." *Boyd*, 173 F.R.D. at 144. The transcript reflects that rather than "rise above," counsel argued back-and-forth in front of the witness regarding the propriety of the questioning and the basis for instructing the witness not to respond and, ultimately, the School Board's counsel contacted the undersigned's Chambers.[2] ECF No. 99-1 at 185:16–208:1.

Nearly two decades ago this Court noted that "[i]t has been the law in this circuit for 20 years that lawyers may not instruct witnesses not to answer questions during a deposition unless to assert a privilege." *Boyd*, 173 F.R.D. at 144 (citing *Ralston Purina Co. v. McFarland,* 550

[2] The transcript reflects that counsel for Anne Arundel County Board of Education (the School Board) stated, "I want to call the judge . . . She said if there's a problem in the deposition. Call her." ECF No. 99-1 at 205:19, 206:1–2. During the June 24, 2026 discovery conference in which the undersigned decided, among other things, the scope of questioning at Plaintiff's deposition (which involved sensitive and personal topics), counsel were advised that if they were unable to agree on the scope and subject matter of deposition questions, they could contact the undersigned's Chambers. ECF Nos. 88; 89 ¶ 4. The undersigned clarifies that this courtesy was extended only for the stated purpose and was not a blanket invitation to contact the undersigned during a deposition or to resolve any other discovery dispute. Rather, as the undersigned has repeatedly instructed counsel, discovery disputes must be addressed in the manner set forth in the Court's Order regarding informal discovery dispute procedures. ECF No. 43; *see also* ECF Nos. 82, 94.

F.2d 967 (4th Cir. 1977)). The School Board's counsel did not assert privilege as the basis for his objection. Rather, he contended that Plaintiff's counsel was asking about documents the witness had not seen previously (ECF No. 99-1 at 185:20–186:3, 195:17–19, 197:15–17) and was attempting to elicit an improper opinion (*id.* at 186:8–10, 195:20–21). The School Board's counsel also argued that the question had no foundation (*id.* at 203:21, 206:14–15) and asserted without particularity that Plaintiff's counsel had been "badgering" the witness "all day with questions" (*id.* at 191:3–4; *see also id*. at 197:11–15). None of these objections support an instruction that the witness should not respond to the questions posed. Counsel for the School Board's instructions in that regard were therefore improper. Moreover, his behavior and language were unacceptable and inconsistent with this Court's Discovery Guidelines, which require attorneys "to behave professionally and with courtesy towards all involved in the discovery process." Local Rules, Appx. A, Guideline 1 ¶ d. Counsel for the School Board is cautioned that he must advocate within the bounds of this governing framework. The witness's deposition will be reopened so that Survivor A may complete his questioning.

Second, the School Board and Survivor A dispute whether Survivor A's cellular telephone should be produced for a forensic examination. ECF No. 97 at 1. Plaintiff's counsel explains that the existence of Survivor A's cellular telephone from the time of the alleged abuse became known to counsel for all the parties at or just before Survivor A's deposition. ECF No. 99 at 2. Plaintiff's counsel reports that Survivor A's cellular telephone contains 1,428 text chains and approximately 7,000 photographs and 3,000 videos that span approximately eight years, and that some of the material is protected by privilege. *Id.* According to Plaintiff's counsel, Survivor A has worked with Defendants to find and produce voluminous discovery from the cellular telephone, including using 34 search terms, "most of which came directly from Defendants' counsel." *Id*. (emphasis omitted). The School Board contends that "a forensic

examination of Plaintiff's cellphone is necessary to recover a complete record of communications," which "is essential to the defense." ECF No. 98 at 2–3. The School Board does not, however, identify any gap in Survivor A's production. *Id.* Instead, the School Board posits that some material on the cellular telephone was deleted. *Id.* at 2. This argument carries little weight because it lacks an articulated foundation or timeline. The School Board further contends that "Plaintiff's counsel should not be the determinator [of] what information . . . should be disclosed to the defendants." *Id.*. Yet, that is precisely how discovery operates. "The discovery process is designed to be extrajudicial, and it relies on responding parties to search their own records and produce documents or other data." *Hespe* v. *City of Chicago*, No. 13 C 7998, 2016 WL 7240754, at *4 (N.D. Ill. Dec. 15, 2016).

Federal Rule of Civil Procedure 34 governs, among other things, a request to "inspect, copy, test, or sample" electronically stored information, which includes forensic examination of electronic devices. Fed. R. Civ. P. 34(a)(1)(A); *Downs* v. *Virginia Health Sys.*, No. CV 5:13CV00083, 2014 WL 12776888, at *2 (W.D. Va. June 2, 2014). As this Court has observed, a forensic examination imposes "intrusions, costs, and delays." *Simone* v. *VSL Pharms., Inc.*, Civil Action No. TDC-15-1356, 2018 WL 1365848, at *10 (D. Md. Mar. 16, 2018) (Sullivan, J.); *see also Cross by & Through Steele* v. *XPO Express, Inc.*, No. 4:15-CV-2481-BHH, 2016 WL 11519221, at *6 (D.S.C. May 3, 2016) ("[M]aking forensic image backups of computers is only the first step of an expensive, complex, and difficult process of data analysis that can divert litigation into side issues and satellite disputes involving the interpretation of potentially ambiguous forensic evidence.") (quoting *John B.* v. *Goetz*, 531 F.3d 448, 460 (6th Cir. 2008)). What is more, the Advisory Committee on Civil Rules has cautioned that "[*c*]*ourts should guard against undue intrusiveness* resulting from inspecting or testing [electronic information] systems." *Hespe*, 2016 WL 7240754, at *4 (italics in original; bold removed) (quoting Fed. R.

Civ. P. 34 Advisory Committee's note to the 2006 amendment). A forensic examination of electronically stored information—something sister courts in this Circuit have described as "a drastic discovery measure," *e.g.*, *Sagewater, LLC* v. *Hossfeld*, No. 1:23-CV-0770 (MSN/LRV), 2024 WL 3467740, at *3 (E.D. Va. May 3, 2024) (quoting *John B.*, 531 F.3d at 460); *Cross by & Through Steele*, 2016 WL 11519221, at *7 (same)—must therefore be proportional to the needs of the case. *Hespe*, 2016 WL 7240754, at *3; *see also Downs*, 2014 WL 12776888, at *2 (noting that a request for forensic examination is, among other things, "subject to the proportionality limitations applicable to all discovery under Rule 26(b)(2)(C), including the prohibition of discovery that is unreasonably cumulative, duplicative or seeks discovery that could be obtained from some more convenient, less burdensome[,] or less expensive source"). Here, the School Board has not explained how Survivor A's discovery responses are insufficient or why forensic imaging is warranted and proportionate to the needs of this case, particularly in light of the intrusive nature of a forensic examination of a personal cellular telephone. *E.g.*, *Sagewater, LLC*, 2024 WL 3467740, at *3; *Downs*, 2014 WL 12776888, at *3-4.

Third, the parties dispute whether the number of hours for depositions should be increased. ECF Nos. 97 at; 98 at 2; 99 at 3. The School Board argues that it should be permitted to depose Survivor A for 3.5 additional hours because it did not have sufficient time to depose Survivor A and because Survivor A disclosed "more than 1600 pages of text messages" following his deposition. ECF No. 98 at 1. Survivor A counters that Defendants divided among themselves the seven deposition hours provided for in the Federal Rules of Civil Procedure, and that the School Board had notice of the existence of Survivor A's cellular telephone and failed to reserve deposition time to inquire on that topic. ECF No. 99 at 3. Federal Rule of Civil Procedure 30, which governs depositions, provides, as relevant here, that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." Fed. R. Civ. P.

30(d)(1). This rule further provides that a party "must obtain leave of court" for a deposition where "the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii); *see also Equal Emp't Opportunity Comm'n* v. *Bardon, Inc.*, Civil Action No. RWT-08-1883, 2010 WL 1780126, at *1 (D. Md. May 3, 2010). "Re-deposing parties 'lie[s] within the discretion of the court.'" *Palmer* v. *Maryland*, Civil Action No. CDA-22-899, 2025 WL 1024070, at *1 (D. Md. Mar. 31, 2025) (alteration in original) (quoting *Edwards* v. *Edwards*, Civil Action No. DKC-12-3761, 2014 WL 1573504, at *3 (D. Md. Apr. 18, 2014)). In determining whether to exercise this discretion to approve the reopening of a deposition, the Court "must consider whether the second deposition relates to 'any nonprivileged matter that is relevant to any party's claim or defense,'" *id.* (quoting Fed. R. Civ. P. 26(b)(1)), and whether:

> (1) the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (2) the party seeking discovery has had an ample opportunity to obtain the information by discovery; and
>
> (3) the burden or expense of the discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*Bardon, Inc.*, 2010 WL 1780126, at *1 (line breaks added).

Here, the information on Survivor A's cellular telephone, which includes text messages, photographs, and videos, satisfies Rule 26's relevance requirement. The School Board learned of the existence of Survivor A's cellular telephone on the day of his deposition and discovery related to that device was produced subsequent to his deposition. Further inquiry on the subject of the information on Survivor A's cellular telephone is therefore not cumulative and the School Board has not had ample opportunity to inquire of Survivor A on that topic. Finally, the benefit of reopening Survivor A's deposition outweighs the burden or expense. Considering that

Survivor A has already been deposed for more than the seven hours (ECF No. 99 at 3), the undersigned will approve the reopening of Survivor A's deposition to permit one additional hour of questioning on topics related to the discovery produced from Survivor A's cellular telephone that was produced after his deposition. *E.g.*, *Palmer*, 2025 WL 1024070, at *2 (approving the reopening of a deposition where the opposing party learned of information at the first deposition and was unable to question the witness about that information due to the non-production of discovery) (collecting cases); *accord Green* v. *iMentor, Inc.*, Civil Action No. RDB-24-2567, 2026 WL 1074003, at *5 (D. Md. Apr. 21, 2026); *Cooper* v. *Baltimore Gas & Elec. Co.*, Civil Action No. JRR-23-3116, 2025 WL 404246, at *1 (D. Md. Feb. 5, 2025) (Coulson, J.).

Separately, Survivor A contends that he requires additional hours to conduct depositions because "discovery has exposed . . . at least 4 additional witnesses" that he needs to depose, and that the conduct of the School Board's counsel during depositions has made depositions "take much longer than originally anticipated." ECF No. 99 at 3. A review of the deposition transcript filed in connection with the instant discovery dispute confirms that the School Board's counsel has unnecessarily introduced animosity and foreclosed questioning altogether in at least one deposition. ECF No. 99-1. The School Board's objection to the requested additional 35 deposition hours centers on objections to Plaintiff's counsel's lines of inquiry, which does not respond in substance to the request for additional deposition hours for additional witnesses. ECF No. 98 at 3. The undersigned will grant Survivor A's request for 35 additional deposition hours. *Brito* v. *New Life Healthy Living, LLC*, Civil Action No. CJC-24-1124, 2025 WL 2638030, at *6 (D. Md. Sept. 9, 2025) (granting Plaintiffs' request for 30 additional deposition hours "because Defendants' lack of cooperation in discovery has frustrated their ability to prepare for depositions").

Fourth, Survivor A seeks to extend the remaining Scheduling Order deadlines by 90 days. ECF No. 99 at 3. The School Board agrees that an extension of the deadlines is needed, but does not indicate its position on what extension would be appropriate. ECF Nos. 97 at 1; 98 at 3. Mr. Arnold opposes any extension of the existing deadlines as they pertain to him. ECF No. 100 at 1. To the extent that Mr. Arnold seeks bifurcation of the discovery deadlines with respect to him, as opposed to the other defendants, the request is denied. Independent scheduling orders for different defendants is inefficient and would impede the Court's ability to effectively manage this case. Nevertheless, in view of Mr. Arnold's concerns about delay, the undersigned will grant Survivor A's request in part and order a 60-day extension of the existing deadlines.

In light of the foregoing, it is hereby ORDERED that:

1. Survivor A's request that the July 28, 2026 deposition be reopened is GRANTED;
2. The School Board's request for a forensic examination of Survivor A's cellular telephone is DENIED;
3. The School Board's request to reopen Survivor A's deposition is GRANTED IN PART and DENIED IN PART. The School Board may depose Survivor A for one additional hour exclusively on topics related to the discovery produced from Survivor A's cellular telephone after his initial deposition;
4. Survivor A's request for an additional 35 deposition hours is GRANTED; and
5. Survivor A's request for an extension of the deadlines set forth in the operative scheduling order (ECF No. 63) is GRANTED IN PART and DENIED IN PART. The remaining deadlines in this case are as follows:

| | |
|---|---|
| August 30, 2026 | Written discovery requests |
| September 13, 2026 | Close of written fact discovery |
| September 30, 2026 | Requests for admission |

| | |
|---|---|
| October 13, 2026 | Fact witness depositions; Plaintiff's rebuttal Rule 26(a) disclosures |
| November 14, 2026 | Defendants' Rule 26(a) disclosures |
| December 13, 2026 | Rebuttal Rule 26(a) disclosures |
| December 28, 2026 | Expert depositions; submission of a status report |
| January 12, 2027 | Rule 26(a)(2) supplementation of disclosures and responses |
| February 2, 2027 | Dispositive pretrial motions |
| March 14, 2027 | Oppositions to dispositive pretrial motions |
| March 28, 2027 | Reply in further support of dispositive pretrial motions |

IT IS SO ORDERED.

Date: August 11, 2026

/s/
Erin Aslan
United States Magistrate Judge