**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **SURVIVOR A,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. BAH-24-1571** |
| **ANNE ARUNDEL COUNTY BOARD OF EDUCATION, *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |

**MEMORANDUM ORDER**

On May 31, 2024, Plaintiff Survivor A filed suit against Defendants Anne Arundel County Board of Education (the School Board), Carson C. Arnold, Bridgitte Hammaker, and Patrick Gelinas asserting claims related to alleged sexual abuse by Jennifer Arnold. ECF Nos. 1, 16. On June 16, 2026, the Honorable Brendan A. Hurson referred this case to the undersigned for all discovery and related scheduling matters pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302 (D. Md. Dec. 1, 2025). ECF No. 86. Pending before the Court is Survivor A's request to quash non-party subpoenas issued by the School Board, which is fully briefed. ECF No. 114, 116–117. No hearing is necessary. Local Rule 105.6.

The School Board served non-party subpoenas on the custodians of records of (1) Meta Platforms, Inc.; (2) SnapChat, Inc. (also known as Snap, Inc.); (3) X-Corp (formerly known as Twitter); (4) Apple, Inc., seeking information from Survivor A's social media accounts; and (5) Downstate Correctional Facility[1] in Fishkill, New York, seeking records relating to Survivor

[1] Downstate Correctional Facility appears to have closed in 2022. *See, e.g.*, Cloey Callahan, *Fishkill prison closes permanently*, TIMES UNION (Mar. 10, 2022), https://perma.cc/59WX-PLUV. Recognizing that the subpoena directs service on the New York State Archives (ECF No. 114-1 at 25), the undersigned refers to this subpoena as having been issued to Downstate Correctional Facility for ease of reference.

A's father. ECF Nos. 114, 114-1, 116. Survivor A challenges these subpoenas on the grounds that they violate the Stored Communications Act (SCA), 18 U.S.C. § 2701, *et seq*., and are "needlessly invasive," "meant to embarrass and harass," and seek irrelevant information. ECF Nos. 114, 117. The School Board does not address the merits of these arguments other than to posit that Survivor A lacks standing to challenge the subpoenas and explain its purpose in seeking the correctional records of Survivor A's father. ECF No. 117.

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas, including subpoenas to produce documents. It is settled that the "scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26." *In re Emp't Background Investigations, Inc.*, Civil Action No. ELH-17-1850, 2017 WL 3722836, at *4 (D. Md. Aug. 29, 2017) (internal citation omitted). Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "The party seeking discovery has the burden to establish its relevancy and proportionality." *Crete Carrier Corp.* v. *Sullivan & Sons, Inc.*, Civil Action No. ELH-21-0328, 2022 WL 1203652, at *13 (D. Md. Apr. 21, 2022). "A more demanding variant of the proportionality analysis . . . applies when determining whether, under Rule 45, a subpoena issued against a nonparty 'subjects a person to undue burden' and must be quashed or modified." *Virginia Dep't of Corr.* v. *Jordan*, 921 F.3d 180, 189 (4th Cir. 2019). As the Court of Appeals for the Fourth Circuit has explained, non-parties "are 'strangers' to the litigation, and since they have 'no dog in [the] fight,' they have 'a different set of expectations' from the parties themselves. *Id.* (quoting *Cusumano* v. *Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) (alteration in original)). Accordingly, "courts must give the recipient's nonparty status 'special weight,' leading to an even more 'demanding and sensitive' inquiry than the one governing discovery generally." *Id.* (quoting *In re Public Offering PLE*

*Antitrust Litig.*, 427 F.3d 49, 53 (1st Cir. 2005)). A court must quash or modify a subpoena that, as relevant here, "requires a person to comply beyond the geographical limits specified in Rule 45(c)," "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(ii)-(iv).

"Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *United States* v. *Idema*, 118 Fed. Appx. 740, 744 (4th Cir. 2005); *see also Campbell* v. *Mbah*, 350 F.R.D. 600, 604-605 (D. Md. 2025) (Crawford, J.) ("The 'general rule [is] that a party lacks standing to challenge a subpoena issued to a third-party except when the party has some interest (personal, proprietary, privilege, or so forth) in the information sought.'") (alteration in original) (quoting *Eichenwald* v. *Rivello*, 321 F. Supp. 3d 562, 564 (D. Md. 2018)). Federal courts across the country have concluded that a party has a personal right in the party's own email and social media accounts. *E.g.*, *Jacquelyn* v. *Macy's Retail Holdings, Inc.*, No. CV416-052, 2016 WL 6246798, at *7 (S.D. Ga. Oct. 24, 2016); *Mancuso* v. *Florida Metro. Univ., Inc.*, No. 09-61984-CIV, 2011 WL 310726, at *2 (S.D. Fla. Jan. 28, 2011); *Crispin* v. *Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 974 (C.D. Cal. 2010); *J.T. Shannon Lumber Co., Inc.* v. *Gilco Limber, Inc.*, Civil Action No. 2:07-CV-119, 2008 WL 3833216, at *1 (N.D. Miss. Aug. 14, 2008).[2] Survivor A therefore has standing to challenge the social media subpoenas.[3]

[2] These opinions are consonant with decisions of this Court holding that a party has an interest in, and thus standing to challenge, non-party subpoenas that seek confidential materials related to the challenging party. *E.g.*, *M.R. by & through N.R.* v. *Tajdar*, Civil Action No. TDC-17-3836, 2019 WL 3323207, at *2 (D. Md. July 24, 2019) (Day, J.) (medical records); *Phillips* v. *Ottey*, Civil Action No. DKC 14-0980, 2016 WL 6582647, at *2 n.5 (D. Md. Nov. 7, 2016) (confidential settlement agreement); *Papanicolas* v. *Project Execution & Control Consulting, LLC*, Civil Action No. CBD-12-1579, 2015 WL 1242755, at *1 (D. Md. Mar. 17, 2015) (employment records).

[3] The undersigned further notes that Snap, Inc. timely raised objections to the subpoena, which largely track Survivor A's arguments. ECF No. 116-3.

As to the correctional records subpoena, the undersigned construes Survivor A's challenge as a request for a protective order pursuant to Rule 26(c). *Wheeler* v. *Virginia*, Civil Action No. 17-337, 2018 WL 10611666, at *1 (W.D. Va. Sept. 18, 2018); *Sirpal* v. *Fengrong Wang*, Civil Action No. WDQ-12-0365, 2012 WL 2880565, at *4 n.12 (D. Md. July 12, 2012).

Turning to the merits, there are myriad reasons the Court must quash the School Board's non-party subpoenas and/or issue a protective order. First, and most fundamentally, the social media subpoenas violate federal law. The SCA provides, in pertinent part, that a "person or entity providing an electronic communication service" or "remote computing service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service." 18 U.S.C. § 2702(a)(1)-(2); *see also Finkle* v. *Howard Cnty., Md.*, Civil Action No. SAG-13-3236, 2014 WL 6835628, at *2 n.3 (D. Md. Dec. 2, 2014), *aff'd sub nom.*, 640 Fed. Appx. 245 (4th Cir. 2016) (The SCA "unambiguously states that the contents of electronically stored communications shall not be disclosed to parties unless an enumerated exception applies."); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 609-610 (E.D. Va. 2008) ("Section 2702 plainly prohibits an electronic communication or remote computing service to the public from knowingly divulging to any person or entity the contents of customers' electronic communications or records pertaining to subscribing customers."). The School Board does not argue that any of the exceptions to this prohibition apply, nor does the undersigned find any exception applicable to the subpoenas at issue here. 18 U.S.C. § 2702(b)-(c); ECF No. 116. Mere issuance of a subpoena in civil litigation is insufficient to overcome the statutory prohibition and does not unto itself create an exception. *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d at 611 (holding "that 'unauthorized private parties' and governmental entities are prohibited from using Rule 45 civil discovery subpoenas to circumvent the [SCA's] protections"); *accord Finkle*, 2014 WL 6835628, at *2 n.3;

*Chasten* v. *Franklin*, No. C10-80205 MISC JW HR, 2010 WL 4065606, at *2 (N.D. Cal. Oct. 14, 2010).

Second, the School Board has not carried its burden to establishing relevance and proportionality. The School Board's filing in opposition to Survivor A's request to quash its non-party subpoenas is silent on these pivotal issues. ECF No. 116. What is more, the School Board's response serves only to highlight the irrelevant and disproportionate nature of its subpoenas. For example, the School Board proffers that the dates of incarceration of Survivor A's father "relate to his ability to 'house' Plaintiff during the relevant time period." ECF No. 116. Yet, the School Board's non-party subpoena to Downstate Correctional Facility seeks "*[a]ny and all documents* in your possession, custody or control relating to former inmate [redacted], including but not limited to all the complete departmental and/or institutional records." ECF No. 114-1 at 31 (emphasis added). In light of the stated purpose of the subpoena, this request is grossly disproportionate and calls for the production of irrelevant—and confidential—materials, thus rendering the subpoena overbroad and creating an undue burden. *Champion Pro Consulting Grp., Inc.* v. *Impact Sports Football, LLC*, No. 12-27, 2014 WL 6686727, at *4 (M.D.N.C. Nov. 26, 2014) ("[C]ourts have frequently concluded that a subpoena for an entire file constitutes an overbroad request where that file likely contains both relevant and irrelevant information."). Rule 45 "requires the court to quash a subpoena that 'subjects a person to undue burden.'" *Bierman Fam. Farm, LLC* v. *United Farm Fam. Ins. Co.*, Civil Action No. ADC-17-4, 2017 WL 3311206, at *3 (D. Md. Aug. 2, 2017) (quoting Fed. R. Civ. P. Rule 45(d)(3)(A)(iv)).

The School Board's social media subpoenas fare no better. While some categories of requested documents are limited to responsive materials referencing Jennifer Arnold, the School Board also requests, for example, "[a] complete copy of the native 'Download Your Information'

archive file for any Facebook Account used or maintained by Plaintiff, including all posts, messages (including Facebook Messenger and archived messages), photos, videos, comments, and event logs." ECF No. 114-1 at 9. Even if not prohibited by the SCA, such a request—without temporal or subject-matter limitation—is both overbroad and an egregious violation of Survivor A's privacy. *In re Bunce*, Civil Action No. TDC-18-3821, 2020 WL 1331911, at *3 (D. Md. Mar. 23, 2020) (Day, J.) (quashing as overbroad subpoenas that requested, among other things, the "full spectrum of social media" without temporal limitation); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d at 612-613 (finding that a subpoena that request "all" of a party's emails for a six-week period was overbroad and imposed an undue burden). As the Fourth Circuit has made clear, "a subpoena may impose a burden by invading privacy or confidentiality interests." *Virginia Dep't of Corr.*, 921 F.3d at 189. Although modification of an overbroad subpoena is typically preferred, "[a] subpoena may be so sweepingly overbroad . . . that it should be quashed in its entirety." *Id.* at 190 n.4 (citing *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d at 612); *see also Michael's Fabrics, LLC* v. *Donegal Mut. Ins. Co.*, Civil Action No. JRR-24-1585, 2024 WL 3849529, at *4 (D. Md. Aug. 16, 2024) (Abelson, J.) (quashing overbroad non-party subpoenas); *In re Bunce*, 2020 WL 1331911, at *3 (same); *Bierman Fam. Farm, LLC*, 2017 WL 3311206, at *4 (same).

Finally, several of the subpoenas do not comply with Rule 45's geographic limitation, which provides that a subpoena may command the "production of documents . . . at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). Decisions of this Court have interpreted this provision to apply when a subpoena "requires a nonparty to travel more than 100 miles from where the nonparty . . . regularly transacts business in person." *Chestnut* v. *Kincaid*, Civil Action No. LKG-20-2342, 2022 WL 350117, at *2 (D. Md. Feb. 4, 2022) (Copperthite, J.) (internal

quotation marks omitted) (collecting cases). The School Board's subpoenas and accompanying cover letters provide conflicting information as to the recipients' production requirements. ECF No. 114-1. The subpoenas command the recipients to appear in person in Maryland, whereas the cover letters permit the recipient to provide hardcopy or electronic copies of the requested documents. *Id.* at 1–3, 12–14, 23–25, 33–35, 44–46.[4] This ambiguity counsels in favor of finding that the non-party subpoenas violate Rule 45's geographic limitation. It is reasonable to expect that the recipients would believe that they must appear in person pursuant to the command on the face of the subpoenas. *E.g.*, ECF No. 114-1 at 25 (commanding that a New York custodian of records appear in Maryland).

In light of the foregoing, it is hereby ORDERED:

1. Survivor A's request to quash the School Board's non-party subpoenas, construed in part as a request for a protective order, is GRANTED; and
2. On or before September 16, 2026, the School Board shall:
    a. notify the non-party subpoena recipients that the subpoenas have been quashed and that, by Order of this Court, the recipients shall not respond;
    b. return or destroy any documents received pursuant to the quashed non-party subpoenas; and
    c. file via CM/ECF a status report reflecting that such corrective action has been taken.

IT IS SO ORDERED.

Date: September 14, 2026

/s/
Erin Aslan
United States Magistrate Judge

4 Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files (CM/ECF) system printed at the top of the cited document.