**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **SURVIVOR A,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. BAH-24-1571** |
| **ANNE ARUNDEL COUNTY BOARD OF EDUCATION, *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |

**MEMORANDUM ORDER**

On May 31, 2024, Plaintiff Survivor A filed suit against Defendants Anne Arundel County Board of Education (the School Board), Carson C. Arnold, Bridgitte Hammaker, and Patrick Gelinas asserting claims related to alleged sexual abuse by Jennifer Arnold. ECF Nos. 1, 16. On June 16, 2026, the Honorable Brendan A. Hurson referred this case to the undersigned for all discovery and related scheduling matters pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302 (D. Md. Dec. 1, 2025). ECF No. 86. On August 11, 2026, the undersigned issued a Memorandum Order that resolved a series of discovery disputes. ECF No. 101. Pending before the Court is the School Board's motion to reconsider, which is fully briefed. ECF Nos. 109, 113, 122. No hearing is necessary. Local Rule 105.6. The School Board seeks reconsideration of two facets of the undersigned's August 11, 2026 Order pursuant to Federal Rule of Civil Procedure 54(b).[1] ECF Nos. 101 at 4–8; 109 at 1–2.[2]

[1] Plaintiff Survivor A grounds his opposition in the framework governing an appeal of a decision of a United States Magistrate Judge. ECF No. 113 (citing 28 U.S.C. § 636(b); Local Rule 301 (D. Md. Dec. 1, 2025). The undersigned analyzes the instant motion under the framework identified by the movant, Defendant Anne Arundel County Board of Education (the School Board).

[2] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files (CM/ECF) system printed at the top of the cited document.

Federal Rule of Civil Procedure 54(b) provides, in pertinent part, that "any order or other decision . . . that . . . does not end the action as to any of the claims or parties . . . may be revised at any time before the entry of a judgment." The "basic aim of Rule 54(b) is to give district courts 'flexibility to revise' their rulings 'as the litigation develops and new facts or arguments come to light.'" *Phoenix* v. *Amonette*, 95 F.4th 852, 857 (4th Cir. 2024) (quoting *Carlson* v. *Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)). Rule 54(b) also affords a district court discretion to correct a mistake in its application of the law. *Nadendla* v. *WakeMed*, 24 F.4th 299, 304 (4th Cir. 2022). This is because the "ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Id.* That obligation, however, "may be tempered at times by concerns of finality and judicial economy." *American Canoe Ass'n* v. *Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). Accordingly, reconsideration is permissible in three narrow circumstances: "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Cezair* v. *JPMorgan Chase Bank, N.A.*, Civil Action No. DKC-13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014) (citation omitted). The first circumstance requires an actual change in the applicable law; "it is not sufficient for a party to show that legal precedent could support an alternative resolution." *Bethany Boardwalk Grp. LLC* v. *Everest Sec. Ins. Co.*, 2022 WL 12324609, at *6 (4th Cir. 2022). Importantly, "a motion to reconsider is not an opportunity for a losing party to present evidence that it could have presented before the adverse ruling." *Id.* The second circumstance therefore requires *new* evidence. As to the third circumstance, clear error does not mean "maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish. It must be dead wrong." *United States Tobacco Coop. Inc.* v. *Big S. Wholesale of Va., LLC*, 899 F.3d 236, 258 (4th Cir. 2018) (quotation marks and citation omitted).

The School Board seeks reconsideration of the undersigned's decision denying its request to forensically examine Survivor A's cellular telephone and granting the School Board one additional hour to depose Survivor A. ECF Nos. 109, 122. The School Board does not, however, identify a change in controlling law, new evidence, or clear error. In other words, the School Board has not argued, let alone established, that any of the three narrow circumstances that support reconsideration apply here. Instead, the School Board first posits that "the evidentiary record [ ] supports production of Plaintiff's cellular phone for forensic examination" and marshals what it considers to be evidence supportive of a forensic examination. ECF No. 109 at 3–8; *see also* ECF No. 122 at 1–9. The School Board does not argue that any of this evidence was previously unavailable. Instead, it contends that "a three-page cap on the discovery dispute letter did not afford" a sufficient opportunity to support its argument in favor of forensic examination.[3] ECF No. 109 at 3 n.1; *see also* ECF No. 122 at 2. This argument misses the mark. The School Board already raised—and the undersigned rejected—the same arguments it repeats on reconsideration. *Compare* ECF No. 98 at 2–3 *with* ECF Nos. 109 at 3–7 *and* ECF No. 122 at 1–8.[4] Moreover, the School Board's motion elides the undersigned's

[3] The School Board refers to the Court's Letter Order setting forth an informal process for resolving discovery disputes. ECF No. 43 ¶¶ 1–2. As the Court explained previously, "[t]he purpose of the informal discovery dispute procedure . . . is to efficiently resolve discovery disputes in consideration of limited judicial resources." ECF No. 82. This case clearly illustrates why such a procedure is necessary. In the three months since the discovery referral, the undersigned held a discovery conference, entered two paperless orders addressing the appropriate procedure for resolving discovery disputes, and issued four substantive discovery orders resolving the parties' disputes. ECF Nos. 88, 89, 94, 101, 115, 119, 126. Full briefing of every discovery dispute in this action is simply not an effective use of the parties' or the Court's resources. Denial of the discovery it seeks does not entitle the School Board to a second round of briefing or reconsideration on the merits where the School Board has not met the threshold criteria for such relief. *Nadendla* v. *WakeMed*, 24 F.4th 299, 304 (4th Cir. 2022) ("To be sure, allowing litigants a 'second bite at the apple' via a motion to reconsider is disfavored.") (citation omitted).

[4] To the extent the School Board attempts to advance a new argument on reply (ECF No. 122 at 3–4), the undersigned reminds the School Board that "an argument raised for the first time

discussion of the intrusive nature of a forensic examination of a personal cellular telephone. ECF No. 101 at 4–5. As the School Board acknowledges, Survivor A's "cellular phone[ ] is more than just a phone, it was his mobile device that is essentially a personal computer that captured absolutely everything that he used his cellphone for between May 2019 and the present." ECF No. 109 at 3. Yet, the School Board makes no effort, either in its original or reconsideration filings, to engage in a substantive proportionality analysis or explain why other methods of discovery are inadequate. ECF Nos. 98, 109, 122. Instead, the School Board contends that Survivor A and his counsel cannot be trusted to produce discovery (ECF No. 98 at 2), that Survivor A "intentionally manipulated evidence" (ECF No. 122 at 1), and that the cellular telephone discovery production is deficient (ECF No. 109 at 4–5). Each argument is unavailing. As the undersigned noted previously, discovery "relies on responding parties to search their own records and produce documents or other data." *Survivor A* v. *Anne Arundel Cnty. Bd. of Educ.*, Civil Action No. BAH-24-1571, 2026 WL 2326237, at *2 (D. Md. Aug. 11, 2026) (quotation marks and citation omitted). The School Board's allegations of Survivor A's asserted manipulation of evidence appear to be based on assumptions and speculation. *E.g.*, ECF No. 122 at 2 (asserting, without citation to exhibits, that Survivor A "coordinated and concocted his story of what occurred in the Arnold household" because he allegedly went to an Apple store and then "took more than a week gathering and selecting specific text messages within his cellular phone while personally drafting his self-serving written timeline of facts"). As to the sufficiency of Survivor A's discovery production, it is unapparent that the School Board has addressed any perceived discovery deficiencies in the manner set forth in the Court's Local Rules. Local Rules 104.7, 104.8, Appx. A.

---

in a reply brief or memorandum will not be considered." *Clawson* v. *FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006) (Titus, J.).

Second, the School Board vaguely complains about the sufficiency of Survivor A's discovery responses and the parity of deposition hours and asks that Survivor A appear "for more than one hour" because "an hour can quickly expire." ECF No. 109 at 8–9; *see also* ECF No. 122 at 10. This request fails because "when a motion for reconsideration under Rule 54(b) 'merely requests the district court . . . to change its mind, relief is not authorized.'" *Betskoff* v. *Saia Motor Freight Line, LLC*, Civil Action No. JMC-25-2306, 2026 WL 2349421, at *1 (D. Md. Aug. 13, 2026) (quoting *Poling* v. *Marschik*, Case Action No. RWT-12-454, 2015 WL 7076696, at *1 (D. Md. Nov. 13, 2015)). A district court's discretion when deciding a Rule 54(b) motion "is 'subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *United States Tobacco Coop. Inc.*, 899 F.3d at 257 (quoting *Official Comm. of the Unsecured Creditors of Color Tile, Inc.* v. *Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)). In sum, the School Board has not satisfied Rule 54(b)'s standard for reconsideration.

In light of the foregoing, it is hereby ORDERED that the School Board's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Date: September 17, 2026

/s/
Erin Aslan
United States Magistrate Judge